BENJAMIN *against* BENJAMIN:

### IN ERROR.

The lien of an attorney for his fees and expenses upon the judgment recovered, is subject to the judgment debtor's right of set-off.

But an assignment of a judgment, by the judgment creditor, to his attorney, in payment of his fees and disbursements in the suit, is effectual to prevent a set-off, against such judgment, of another judgment previously recovered by the judgment debtor against such judgment creditor. [By three judges against two.]

This decision is founded on the authority of *Rumrill* v. *Huntington*, 5 *Day* 163., which conflicts with the uniform course of more modern decisions elsewhere, and makes an exception to the well established general principle, that a chose in action not negotiable, is subject, in the hands of the assignee, to all the equities which existed against it between the original parties, at the time of the assignment.

THIS was a bill in chancery, brought by *Samuel Benjamin* against *Elizur Benjamin,* in *September* 1843, praying for a set-off.

At the term of the superior court, holden at *Hartford,* on the fourth *Tuesday* of *September* 1842, *Elizur Benjamin,* the defendant, recovered judgment, in an action of trespass, against *Samuel Benjamin,* the plaintiff, for the sum of 97 dollars, 50 cents, damages, and costs of suit; execution on which was stayed, by order of the court. The defendant then was, and still is, indebted to the plaintiff, by a judgment of the superior court rendered at an adjourned term in *March* 1842, for 219 dollars, 3 cents, including damages and costs;

a part of which was shortly afterwards paid, leaving 195 dollars, 96 cents, still due. At the time this judgment was rendered, the defendant was, and ever since has been, insolvent, and the plaintiff has been unable to collect such judgment debt, or any part thereof.

When the first-mentioned judgment was recovered, the defendant was, and still is, indebted to *Isaac Toucey* Esq. in the sum of 116 dollars, 60 cents, for fees and expenses, which had accrued to and had been disbursed by him, as an attorney in certain suits in which he had been retained and employed by the defendant. Of this sum 70 dollars, 63 cents, had accrued for his fees and expenses in said action of trespass, down to the time of rendering judgment, and the further sum of 39 dollars, accrued and became due to him afterwards, for his fees and expenses in the same suit, in the superior court and supreme court of errors.

Shortly after the recovery of said judgment against the plaintiff, *viz.* on the 10th of *October* 1842, *Elizur Benjamin* made an assignment thereof in writing to said *Toucey,* in the following terms: " For value received, I hereby sell and assign all my right, title and interest in the judgment that shall be or is rendered—*Elizur Benjamin* v. *Samuel Benjamin,* superior court, *Hartford* county, *September* term, 1842, action of trespass—verdict of the jury 97 dollars, 50 cents, damages—costs, not taxed—to *Isaac Toucey* of *Hartford,* to be applied on his account against me for fees and charges in this and all other cases, and to indemnify him for giving bonds for me, and to pay the fees of witnesses in the above cause. *Hartford, October* 10th, 1842.          *Elizur Benjamin.*"

Of this assignment notice was duly given, by the assignee, to the plaintiff and his attorneys.

These facts being found, the superior court dismissed the plaintiff's bill, and rendered judgment in favour of the defendant. The plaintiff thereupon filed his motion in error, and brought the record before this court for revision.

*Hungerford* and *Cone,* for the plaintiff in error, contended, 1. That an attorney, as such, has no lien upon the judgment, which will prevail against the rights of the other party or a stranger. *Rumrill* v. *Huntington,* 5 *Day* 163. *Francis* v. *Rand,* 7 *Conn. R.* 221. *Gager* v. *Watson,* 11 *Conn. R.* 168.

HARVARD LAW LIBRARY

*Andrews* v. *Morse,* 12 *Conn. R.* 444.    By the *English* rule, as well as by the rule in *New-York* and here, an attorney's lien could not, as a general thing, prevail against the right of set-off in a court of chancery.    *Mohawk Bank* v. *Burrows,* 6 *Johns. Ch. R.* 317.    *Nicoll* v. *Nicoll,* 16 *Wend.* 446. and cases cited.

2. That the assignment of the judgment debt, in this case, to Mr. *Toucey,* does not give him the right to prevent a set-off.    The assignee takes subject to the right of set-off and all the other equities in favour of the judgment debtor. *Murray* v. *Gouverneur,* 2 *Johns. Ca.* 438.    *Clute* v. *Robinson,* 2 *Johns. R.* 595.    *Solomon* v. *Kimmel,* 5 *Binn.* 232.    *Bury* v. *Hartman,* 4 *Serg. & R.* 175.    *Stockton* v. *Cook,* 3 *Munf.* 68.    *Scott* v. *Shreeve,* 12 *Wheat.* 605.    *Niagara Bank* v. *McCracken,* 18 *Johns. R.* 493.    *Chamberlin* v. *Day,* 3 *Cowen* 353.    *Niagara Bank* v. *Roosevelt,* 9 *Cowen* 409.    *Chamberlain* v. *Gorham,* 20 *Johns. R.* 144.    In view of these authorities, and many more which might be cited to the same effect, the case of *Rumrill* v. *Huntington* as to the effect of an assignment, cannot be considered as law.    Here the right of set-off existed before and at the time the assignment was made ; *Elizur Benjamin* being then insolvent.    This was a vested right in *Samuel Benjamin,* before any right vested in Mr. *Toucey* under the assignment.    *Stewart* v. *Chamberlain,* 6 *Dana* 32.    *Wathen* v. *Chamberlain,* 8 *Dana* 164.    *Graves* v. *Woodbury,* 4 *Hills* 559.    *Lindsay* v. *Willson,* 2 *Dev. & Bat.* 85.

*Toucey,* for the defendant, contended, 1. That the plaintiff, when the verdict and judgment were recovered against him, had no *legal* claim to a set-off.

2. That if a judgment debtor has, under any circumstances, an *equitable* right of set-off, it did not exist in this case.    In the first place, this judgment was recovered in an action of *trespass.*    When one man has a debt against another, will a court of equity help him take it out in trespassing upon the debtor, in beating him, or slandering him ?    Secondly, the equity, to be available as a set-off, must arise out of, or attach to, the *judgment,* and not to claims arising out of collateral matters.    *Robinson* v. *Lyman,* 10 *Conn. R.* 30. 35.    *Stedman* v. *Jillson,* Id. 55.    *Burrough* v. *Moss,* 10 *B. & Cres.*

558. (21 *E. C. L.* 128.) Thirdly, the *delay* of the plaintiff, for so long a time, to claim a set-off, will induce a court of equity to refuse its interposition.

3. That the lien of the attorney for his fees and disbursements in the suit, will prevail against a general claim of set-off. In the first place, this is an equity attached to the judgment and its fruits. *Randle* v. *Fuller*, 6 *Term R.* 456. *Mitchell* v. *Oldfield*, 4 *Term R.* 123. *Andrews* v. *Morse*, 12 *Conn. R.* 444. 447. Secondly, this equity is superior in its nature : it is essentially a *specific* lien. See the cases above cited.

4. That the *assignment*, in this case, with notice to the plaintiff, will prevent a set-off. This point was decided in *Rumrill* v. *Huntington*, 5 *Day* 163. in 1811, and has been the settled law of the state ever since. The decision has been acquiesced in, often recognized, always acted upon, and rights have been extensively acquired, regulated and adjusted under it. The law ought not to be changed retrospectively.

Storrs, J. The recent cases of *Gager* v. *Watson*, 11 *Conn. R.* 168. and *Andrews* v. *Morse*, 12 *Conn. R.* 444. are decisive against any claim, by either of the defendants, to interfere with the set-off sought in this case, grounded on any supposed lien of Mr. *Toucey*, as the attorney of the other defendant, on the judgment obtained by the latter against the plaintiff.

The defence, therefore, must rest on the question, whether the assignment by the defendant, *Benjamin*, to said attorney, should prevail against the right to such set-off, to which the plaintiff, but for such assignment, would be clearly entitled.

On this question, the case of *Rumrill* v. *Huntington*, 5 *Day's R.* 163. is confessedly in point against the plaintiff. It was there decided, that an assignment of a judgment, by the judgment creditor, to his attorney, in payment for services rendered and moneys disbursed by him in the suit, is valid to prevent a set-off, against such judgment, of another judgment recovered by the defendant in that suit against such judgment creditor.

There is no doubt that that case conflicts with the uniform course of more modern decisions elsewhere, and makes an exception to the well established general principle, that a chose

*Hartford,*
*June, 1845.*

Benjamin
*v.*
Benjamin.

in action, not negotiable, is subject, in the hands of an assignee, to all the equities which existed against it between the original parties, at the time of the assignment. On these grounds, the plaintiff in error claims, that it should be overruled.

We are not insensible to the respect which is due to the decisions on this point of the highly respectable tribunals elsewhere, which have been cited; nor to the strength of the reasoning by which they are supported. We appreciate also the importance of avoiding confusion in our own decisions, and of preserving a uniformity of decision, on questions of this character, between our own and the other judicial tribunals of our country. And if this were a new question here, we should probably conform to the cases decided elsewhere. Considering, however, that the point before us was settled in *Rumrill* v. *Huntington*, by a court eminently distinguished for its ability, unanimously, on great deliberation, and after a very full argument; and that it has been acquiesced in, and deemed to be the law of our state, for a very considerable length of time; and in view of the great evils and inconveniences of disturbing, without some strong necessity, rules of property and conduct which have been deliberately established by our courts; a majority of us are of opinion, that it is not expedient for us to overrule that decision, in the present instance. It, at most, forms an exception to general principles only in a particular case; and, without reviewing the reasoning on the subject, we think it most fit, on the whole, if the present rule is to be changed, that it should be done by the legislature.

The judgment of the superior court is therefore affirmed.

In this opinion WILLIAMS, Ch. J. and HINMAN, J. concurred.

CHURCH and WAITE, Js. dissented.

Judgment affirmed.