THE NORWICH PRINTING COMPANY vs. HENRY C. KLOP-
PENBERG AND ANOTHER.

A plaintiff, after suit brought, can not assign the demand to his attorney, so as to defeat a legal right of set-off which the defendant had at the time the suit was commenced.

This right of set-off, originally given by Gen. Statutes, p. 434, sec. 13, is fully established by the 5th section of the Practice Act.

ACTION on a bond of recognizance, on which Henry C. Kloppenberg, one of the defendants, was principal and John M. Thayer, the other defendant, was surety. The suit was brought originally before a justice of the peace; the defendants pleaded in abatement, which plea the justice overruled and ordered the defendants to answer over. From this judgment Thayer appealed to the Court of Common Pleas, and Kloppenberg not appealing nor answering over, judgment was rendered against him. The following facts were found by the Court of Common Pleas, (*Mather, J.*)

On the first day of February, 1879, the plaintiff recovered a judgment before a justice of the peace against the defendant Kloppenberg, from which judgment he appealed to the Court of Common Pleas for New London County, and on that appeal the defendant Kloppenberg, as principal, and John M. Thayer, the other defendant in this suit, as surety, entered into a bond of recognizance to the plaintiff in the form prescribed by statute to prosecute the appeal to effect; and upon this bond the present suit is brought.

The appeal was duly entered by Kloppenberg in the Court of Common Pleas, and at the February term, 1880, it was defaulted and judgment rendered for the plaintiff to recover

of Kloppenberg eight dollars and twenty-five cents damages, and twenty-seven dollars and sixty-four cents costs, and the judgment has never been satisfied in whole or in part.

William H. Jennings, Jr., was the attorney of the plaintiff in that suit, and the latter was indebted to him, as such attorney, for his fees and disbursements therein for the full amount recovered, of which he gave notice in writing to the defendants, on the 18th day of March, 1881, and of his claim for a lien on the judgment for the same.

On the 6th of January, 1882, this suit being pending, the liability of the defendants to the plaintiff on the bond of recognizance never having been satisfied or discharged, the plaintiff, in consideration of its indebtedness to Jennings for such services and disbursements, and to secure him for his fees and disbursements as attorney in the present suit, and in good faith, assigned to him the judgment against Kloppenberg, and the claim now in suit; and he gave notice of the assignment in writing the same day to the defendants, which assignment and notice were before any answer had been filed in this suit, and before Jennings had any knowledge of any claim on the part of Thayer of any indebtedness of the Norwich Printing Company to him. The indebtedness to Jennings remains unpaid, and he claims the demand in suit by reason of the lien and assignment.

Jennings was not a party to this suit at its commencement and has not been substituted or joined as a party since.

There was, at the commencement of the present suit, and at the time of the assignment, due from the Norwich Printing Company to Thayer, for professional services, a larger sum than the amount of its claim against him on the bond; of which he claimed, in his answer, to set-off against the claim of the plaintiff sufficient to satisfy the same, and asked judgment for the balance.

The defendant requested the court to rule that he was entitled to set off so much of his claim against the debt to the plaintiff as would be sufficient to satisfy it, and to recover a judgment against the plaintiff for the balance, and that the lien of Jennings, as attorney, upon the judgment

against Kloppenberg and the assignment to him of that judgment and of the claim in suit, did not impair the defendant's right in this suit to the set-off claimed.

The court did not so rule, but found that the defendant was indebted to the plaintiff at the commencement of this suit in the sum of $27.64, and ruled that Jennings had an attorney's lien thereon to the full amount thereof; that the same was legally assigned to him and that he was equitably entitled to the same; that by reason thereof the defendant was not entitled to the set-off claimed; and that the plaintiff was entitled to a judgment against the defendant for the sum of $27.64, and rendered judgment accordingly.

The court rendered judgment for the plaintiff for this amount, and the defendant appealed to this court.

*J. M. Thayer* and *C. F. Thayer*, in support of the appeal.

1. Jennings, as attorney for the plaintiff in the original suit against Kloppenberg, had no lien upon the judgment rendered in that suit which could affect the rights of any third party; much less any claim upon the demand in this suit, as a security for that judgment, which could affect the rights of the defendant in this suit. *Rumrill* v. *Huntington*, 5 Day, 163; *Gager* v. *Watson*, 11 Conn., 168; *Andrews* v. *Morse*, 12 id., 444; *Benjamin* v. *Benjamin*, 17 id., 110.

2. By Gen. Statutes, p. 424, sec. 13, and the Practice Act, sec. 5, the defendant had a right to set off his debt against that of the plaintiff. The assignment of the plaintiff's debt pending the suit could not defeat that right. Had the assignee brought the suit in his own name under Gen. Statutes, p. 417, sec. 6, or had he, after the assignment, been substituted as plaintiff, as he might have been under the Practice Act, the defendant would have been allowed to set off this debt due from the assignor. Gen. Statutes, p. 424, sec. 14; Prac. Act, sec. 15; Rules, ch. 1, sec. 6.

3. This case is not within the rule established in *Rumrill* v. *Huntington*, 5 Day, 163, and adhered to in *Benjamin* v. *Benjamin*, 17 Conn., 110, and *Ripley* v. *Bull*, 19 id., 52. In each of those cases it was attempted to enforce in a court

of equity an equitable right of set-off. The first case was decided before there was any statute of set-off. In the second the set-off was not claimed by virtue of, and clearly was not embraced in, the then-existing statute of set-off. In the third the plaintiff claimed to set off her debt by reason of the equities of the statute of set-off, and the court said "if by that statute the plaintiff could have availed herself of the right of set-off which she now seeks she had her remedy at law in that action, which would be a complete answer to the present bill in equity; and if she could not, it shows that the case was not embraced by the statute." In the present case the defendant has the right by statute to set off his debt.

4. The equitable doctrine of set-off, "that mutual debts should compensate each other by deducting the less from the greater, the difference being the only sum which can justly be due," has been incorporated into the law by our statute. But if one of the parties can, by bringing suit upon his claim and afterwards assigning it to his lawyer defeat the other party's right of set-off, the law is practically null.

*S. Lucas*, contra.

1. The court has found as a fact that Jennings had a lien on the judgment of the plaintiff against Kloppenberg, and that it and the claim in suit were assigned to him. His lien on that judgment must take precedence of the rights of the defendant Thayer in the present suit, as the lien accrued before the suit was brought; and the assignment of that judgment must be good against Thayer, as he had no right of set-off against the judgment, but only against the claim on the bond, which was a distinct and separate thing.

2. Jennings having an attorney's lien on that judgment and an assignment of it, he acquired thereby a lien on the bond in suit as security for its payment. Freeman on Judgments, sec. 431. If therefore the assignment of the judgment was good against Thayer, the bond also passed to Jennings as against Thayer.

3. In addition to this he had an assignment of the claim

in suit itself on which he held such prior attorney's lien, to secure him for his fees and disbursements in the suit. This claim having been assigned in good faith to him, to secure him for his fees and disbursements, not only in the case in which judgment was rendered, but in the suit then pending, he acquired thereby a claim thereto that the defendant could not defeat by a set-off of any demand he had against the plaintiff. 1 Swift Rev. Dig., 547; *Rumrill* v. *Huntington*, 5 Day, 163; *Benjamin* v. *Benjamin*, 17 Conn., 110; *Ripley* v. *Bull*, 19 id., 52.

CARPENTER, J.   It will relieve this case of some confusion and a possible misunderstanding of the real point in dispute if we bear in mind the distinction between this suit against Thayer and the former suit against Kloppenberg which is now ended in a judgment. The present suit is now prosecuted against Thayer alone; and against the demand now made on him he seeks to set off a claim which he has against the plaintiff. He claims no set-off or other defence in respect to the judgment against Kloppenberg. Nor will his claim, if allowed, affect that judgment or the assignment of it to Jennings, the plaintiff's counsel. That judgment and assignment will remain in full force whatever may be the disposition of this case. Nor is the subject matter of this suit identical with that. The most that can be said is, that this suit grows out of that; and if the demand against Thayer is collected, it will operate as a partial payment of that judgment. In that way Jennings, aside from the assignment to him of the demand in suit, may have an incidental interest in the question; but that circumstance in no wise affects the equities existing between Thayer and the plaintiff. If Jennings has any interest that will affect those equities it grows out of the assignment of the demand against Thayer, and not out of the assignment of the judgment against Kloppenberg. Therefore we may lay that judgment out of the case, and the question presented is simply this:—Can a plaintiff, after suit brought, assign the demand to his attorney and thereby defeat a legal right of

set-off which the defendant had at the time the suit was commenced? The bare statement of the question ought to be a sufficient answer.

The plaintiff however claims that *Rumrill* v. *Huntington*, 5 Day, 163, *Benjamin* v. *Benjamin*, 17 Conn., 110, and *Ripley* v. *Bull*, 19 id., 53, virtually answer the question in the affirmative. *Rumrill* v. *Huntington* was this :—Rumrill recovered a judgment against Huntington; Huntington at the same time held three judgments against Rumrill. Rumrill assigned his judgment to Bradley, his attorney, of which Huntington had notice. Huntington afterwards brought a suit in equity against Rumrill for a set-off. The County Court decreed a set-off, and the judgment was reversed on a writ of error. The statute of set-off had not then been enacted and the court held that Bradley, being a creditor of Rumrill, was equal in equity with Huntington, another creditor, and, consequently, that the assignment to him was effectual to prevent the set-off. *Benjamin* v. *Benjamin* was similar in its facts and the principle involved was identical with that involved in *Rumrill* v. *Huntington*. A majority of the court, three judges against two, decided it in the same way, but admitted that it was an exception to the general rule, that an assignee of a non-negotiable chose in action takes it subject to equities existing between the original parties, and contrary to the general current of decisions elsewhere. *Ripley* v. *Bull* presented the same question upon similar facts, except that the debts were not evidenced by judgments. The court held that that circumstance did not distinguish the case from the others, and following those cases decided it in the same way.

These cases being, as they confessedly are, exceptions to a salutary rule of very general application, and contrary to the general current of authorities in other jurisdictions, liable as they certainly are to deprive suitors of a strong natural equity, should not be followed except in cases precisely analagous in fact and in principle. In other words the exception should not be extended.

Can this case then be reasonably distinguished from the

cases referred to? We think it can in at least two material and important particulars.

In the first place, when this suit was commenced the defendant had a legal right by statute to set off his claim. The Practice Act (sec. 5,) provides as follows:—"In cases where the defendant has, either in law or in equity, or in both, a counter-claim, or right of set-off, against the plaintiff's demand, he may have the benefit of any such set-offs or counter-claims by pleading the same as such in his answer, and demanding judgment accordingly." This is broad and comprehensive language and was evidently designed to do away with all technicalities and enforce the equities between the parties in all cases. No such statute was in force when the decisions referred to were made. When the first case was decided there was no statute of set-off. Such a statute was in force when the second was decided, (Gen. Statutes, p. 424, sec. 13,) but does not seem to have attracted the attention of the court; and the third decided that the statute was not applicable to the facts of the case.

In the next place, the assignment in this case was not made until after the suit was brought. In all the cases referred to the assignment was prior to the bringing of a petition for a set-off. In matters of this kind the rights of the parties should be enforced as they existed at the commencement of the suit. When this suit was commenced Jennings had no claim on the demand against Thayer, and he could subsequently acquire none that would defeat the defendant's statutory right to plead his set-off or counter-claim in defence.

The Court of Common Pleas having decided otherwise, the judgment is erroneous and must be reversed.

In this opinion the other judges concurred.