The Hubley Manufacturing and Supply Company *vs.* Charles W. Ives.

Third Judicial District, New Haven, June Term, 1908.
Baldwin, C. J., Hamersley, Hall, Prentice and Thayer, Js.

In an action by a nonresident against a citizen of Connecticut, upon a judgment of a sister State, the defendant may set off a claim for unliquidated damages for breach of contract.

The spirit and fundamental purpose of the Practice Act, as well as its provisions in relation to set-off and counterclaim, require a much broader signification to be given to the expression "mutual debts" in General Statutes, § 649, respecting set-off, than it formerly possessed; and equitable rights of set-off may now be the proper subject of a counterclaim, although not founded on any debt which could have been called "mutual" under the earlier definition of that word.

Equity recognizes rights of set-off which go far beyond those which

the early legislation of England and of Connecticut introduced in actions at common law.

The case of *Harral* v. *Leverty*, 50 Conn. 46, distinguished.

Argued June 11th—decided August 3d, 1908.

ACTION on a judgment of the Supreme Court of Rhode Island, brought to the Court of Common Pleas in New Haven County, where a counterclaim for damages for a breach of a contract of sale was held insufficient on demurrer (*Bennett, J.*), and judgment rendered for the plaintiff. *Error and cause remanded.*

*Hobart L. Hotchkiss*, with whom was *Harry W. Asher*, for the appellant (defendant).

*Edmund Zacher*, for the appellee (plaintiff).

BALDWIN, C. J. The sole question in this cause is whether a claim for unliquidated damages for breach of contract can be set off in a suit by a nonresident, upon a judgment of a sister State, against a citizen of Connecticut.

The defendant, admitting in his answer that the judgment was duly rendered in 1899 and that $123.74 remains unpaid upon it, pleaded by way of counterclaim that in May, 1904, the defendant agreed to buy of the plaintiff, and the plaintiff agreed to sell and deliver to the defendant, certain goods at a certain price, but that the plaintiff refused to deliver them as agreed, to the damage of the defendant in the sum of $300, which sum he offered to set off; asking also a judgment for the balance that would then remain due. The demurrer was upon the ground that the damages thus claimed by the defendant were unliquidated, and his claim not of the nature of a mutual debt.

Under the Practice Act of 1879, in all cases not brought before a justice of the peace, "where the defendant has

either in law or in equity, or in both, a counterclaim, or
right of set-off, against the plaintiff's demand, he may
have the benefit of any such set-offs or counterclaims by
pleading the same, as such, in his answer, and demanding
judgment accordingly; and the same shall be pleaded and
replied to, according to the rules governing complaints
and answers." General Statutes, § 612. That Act also
provided that in any such action "the plaintiff may in-
clude in his complaint both legal and equitable rights and
causes of action, and demand both legal and equitable
remedies;" that several causes of action on contract ex-
press or implied might be so united; and that "in all cases
where several causes of action are joined in the same
complaint, or as matter of counterclaim or set-off, in the
answer, if it appear to the court that they cannot all be
conveniently heard together, the court may order separate
trials of any such causes of action, or may direct that any
one or more of them be expunged from the complaint or
answer." General Statutes, § 613. Both these sections
are in furtherance of the fundamental purpose of the
Practice Act, that "all courts which are vested with juris-
diction both in law and in equity may, to the full extent
of their respective jurisdictions, administer legal and
equitable rights and apply legal and equitable remedies,
in favor of either party, in one and the same suit, so that
legal and equitable rights of the parties may be enforced
and protected in one action." General Statutes, § 532.

The defendant in the case at bar was therefore at liberty
to file any counterclaim adapted to enforce the substantial
equities between him and the plaintiff. *Norwich Printing
Co.* v. *Kloppenberg,* 50 Conn. 295, 301. In so doing he
would be following what for nearly thirty years has been
the established principle of our law, "that two suits shall
not be brought for the determination of matters in contro-
versy between the same parties, whether relating to legal
or equitable rights, or to both, when such determination

can be had as effectually and properly in one suit." *Welles* v. *Rhodes,* 59 Conn. 498, 503, 22 Atl. 286.

It appeared from the complaint that the defendant was a citizen of Connecticut, and the plaintiff a Massachusetts corporation suing on a judgment rendered by a court of Rhode Island. The counterclaim stated, and the demurrer necessarily admitted, that this corporation owed the defendant, as damages for a breach of contract, more than the amount of the judgment. It would not comport with the principles of equity, under such circumstances, to allow the plaintiff to use our courts to force the defendant to pay its claim against him upon the judgment, while refusing to satisfy his equally valid claim against it on the contract of sale, and leaving him, so far as appears, no remedy for its recovery except by a new suit brought in another State. See *Rowan* v. *Sharps Rifle Mfg. Co.,* 29 Conn. 282, 330.

Our original statute of set-off provided that "in all actions, brought for the recovery of a debt, before any court in this state, wherein the plaintiff lives or resides out of this state, or is a bankrupt, or insolvent, and where there shall be mutual debts between the plaintiff and defendant in such action, one debt may be set off against the other." Stat., Ed. 1821, p. 43, § 32. In the Revision of 1902, this appears in the following form: "In all actions brought for the recovery of a debt, if there shall be mutual debts between the plaintiff or plaintiffs, or either of them, and the defendant or defendants, or either of them, one debt may be set off against the other." General Statutes, § 649. This statute must be taken in connection with the broader provisions of the Practice Act. The court, on proper pleadings, is to settle the contractual relations of the parties in such a way as to do equity, and full equity, between them. Equity recognizes rights of set-off which go far beyond those which the early legislation of England and of Connecticut introduced in actions at common law.

*Goodwin* v. *Keney,* 49 Conn. 563, 569. Such rights may be the proper subject of a counterclaim, under the Practice Act, although not founded on any debt which could be called "mutual" according to the definitions established under these statutes. *Boothe* v. *Armstrong,* 76 Conn. 530, 532, 57 Atl. 173; 80 Conn. 218, 223, 67 Atl. 484; *Betts* v. *Connecticut Life Ins. Co.,* 78 Conn. 442, 450, 62 Atl. 345.

The plaintiff contends that the judgment appealed from was warranted by our opinion in *Harral* v. *Leverty,* 50 Conn. 46, 60-65.

That was an action to foreclose a mortgage given by one Leverty, who held the legal title, but was under an obligation to convey the property, for a sum much less than its value, to one McDonald. A foreclosure was granted against Leverty as the legal owner and McDonald as the equitable owner; the decree providing that a redemption by McDonald should operate to vest in him the legal title. McDonald had filed a counterclaim against Leverty for damages for fraud in refusing to make the stipulated conveyance, and also for the difference between the amount of the plaintiff's mortgage and the sum for which Leverty had agreed to convey to him. We held that there was no error in refusing to McDonald the relief thus sought, since the matter which he set up was not so connected with the mortgage that its consideration was necessary to a full determination of the rights of the parties, and could furnish no ground for a set-off against the plaintiff. He had an equity against Leverty, but none against Harral.

There is error, the judgment of the Court of Common Pleas is reversed and the cause remanded with instructions to overrule the demurrer.

In this opinion the other judges concurred.