PETER CASCIO NURSERY, INC. *v.* GREEN ACRES, INC.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 16-6312-2546

Argued October 25—decided December 23, 1965

*M. Peter Barry,* of Hartford, for the appellant (defendant).

*Burton A. Greenspan,* with whom, on the brief, was *Edward H. Kenyon,* of Hartford, for the appellee (plaintiff).

JACOBS, J. On December 5, 1963, the plaintiff instituted this action to recover for nursery materials furnished and services rendered to the defendant between May 8, 1962, and November 7, 1962. On February 24, 1964, the defendant filed an answer and special defense, and on February 28, 1964, the plaintiff filed its reply, closing the pleadings.

On May 19, 1964, the defendant filed a motion to transfer the case to the Court of Common Pleas, alleging that there was then pending in the Court of Common Pleas an action, returnable the first Tuesday of June, 1964, involving the same parties and arising out of the same transaction or series of transactions, and that common questions of law

and fact would arise in both actions. On May 25, 1964, the court (*Missal, J.*) denied the motion. On June 3, 1964, the defendant requested permission to amend its answer by filing a counterclaim, which alleged that the defendant had paid the plaintiff $4749.80 for street trees and landscaping services furnished by the plaintiff to the defendant between December 3, 1959, and December 7, 1960, and that the defendant was entitled to a full credit for, or repayment of, the sum of $4749.80, because the trees had died as a result of their inferior quality and the plaintiff's failure to provide the landscaping services. This counterclaim set forth substantially the same cause of action as that set forth in the action brought by the defendant against the plaintiff in the Court of Common Pleas. The motion to file this counterclaim was denied by the court (*Casale, J.*) on June 15, 1965.

On October 22, 1964, as the trial was about to commence, the defendant orally renewed its motions to transfer and, in the alternative, to file the counterclaim. The court denied the motions and subsequently, after trial, rendered judgment for the plaintiff. The defendant has appealed, assigning error in the rulings on those motions, on motions to correct the finding, and on the admissibility of certain evidence.

The defendant's motion to transfer was made under § 52-37a of the General Statutes (Sup. 1963).[1] The statute provides that the Circuit Court "may" order a transfer if one of three conditions is met:

[1] In Conn. Gen. Stat. Ann. this section is numbered as 52-37b. This discrepancy arises in the following way: Section 52-37a of the 1959 Supplement to the General Statutes was repealed by Public Acts 1961, No. 517, § 36. Thereafter, the legislative commissioner's office assigned number 52-37a to the section which was formerly numbered 52-37b, but Conn. Gen. Stat. Ann. retained number 52-37b for this section.

(1) if both actions arise out of the same transaction; or (2) if they arise out of the same series of transactions: or (3) if a common question of law or fact will arise. Since the statute uses the permissive "may," a short answer to the defendant's claim of error on this point is that the statute merely empowers, but does not require, the court to order the transfer.

Even if the statute were to be regarded as requiring the transfer if the conditions were met, the court's ruling would be correct. The action in the Court of Common Pleas was based on a claim for repayment of the purchase price paid for materials furnished and services rendered in 1959 and 1960 which had been paid for in full. The action in the Circuit Court was based on a claim for payment of the purchase price of materials and services furnished in 1962 which had not been paid. The subjects of the two actions were remote from each other in time and disparate in their issues. The two actions did not meet the statutory conditions.

This remoteness and disparity is fatal also to the defendant's claims concerning the ruling on his motion for permission to file the counterclaim. The general rule is that, notwithstanding the general language of § 52-96, counterclaims may not be filed when they bring in matter unconnected with the original complaint. *Harral* v. *Leverty,* 50 Conn. 46, 64. Although this general rule has several exceptions, none of them is applicable here. In particular, the "setoff" exception, which the defendant relies upon, is inapplicable; that exception, codified into the statutes as § 52-139, applies only to a debt. *Savings Bank* v. *Santaniello,* 130 Conn. 206, 211; Stephenson, Conn. Civ. Proc., p. 222. Similarly, the "equitable setoff" exception, upon which the defendant also relies, is not applicable here; that

exception, illustrated by *Hubley Mfg. & Supply Co.*
v. *Ives,* 81 Conn. 244, 247, applies to cases where,
because of "the nature of the claim or the situation
of the parties, justice cannot be obtained" by a sepa-
rate action. 47 Am. Jur. 739, Setoff and Counter-
claim, § 39. In *Hubley,* where this exception was
invoked, the plaintiff was a nonresident. In *Rowan*
v. *Sharp's Rifle Mfg. Co.,* 29 Conn. 282, 330, where
the exception was also invoked, the counterclaim
was permitted because the petitioner was bringing
suit on behalf of a sovereign not subject to suit in
our courts. No considerations like these are present
in this case.

Finally, it is to be noted that the effect of per-
mitting the counterclaim to be filed would be to
have simultaneously pending suits involving the
same cause of action and the same parties. *Cole* v.
*Associated Construction Co.,* 141 Conn. 49, 53.
Hence, even if the defendant had filed the counter-
claim, it would have been abatable because of the
pending action in the Court of Common Pleas. Ibid.
Accordingly, the court was clearly correct in refus-
ing to allow the filing of the counterclaim.

The remaining assignments of error require but
little discussion. The defendant's claim that certain
payments made during 1962 should have been
applied to the present claim rather than to an
indebtedness to the plaintiff existing before May 1,
1962, is decisively answered by an exhibit, a letter
from the defendant to the plaintiff in 1963 in which
the defendant inferentially acknowledges that the
payments in 1962 were not to apply to the present
claim. The testimony of the witness Cascio as to
the indebtedness due from the defendant on May 1,
1962, was clearly admissible to explain why two
payments made in 1962 were applied to that indebt-
edness rather than to the indebtedness which is the

subject of the present suit. The testimony of the witness Beckenstein concerning the trees delivered prior to May, 1962, was irrelevant to the present action and was, on the other hand, relevant to the pending suit in the Court of Common Pleas. The facts which the defendant sought to add to the finding were either disputed or would not have affected the result.

There is no error.

In this opinion Kosicki and Dearington, Js., concurred.