[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted the present action seeking to foreclose a mortgage resulting from a default in making payments on a note. The plaintiff alleges that the partnership defendant executed a note, mortgage and a building loan agreement, and modifications thereof, and that the individual defendants guaranteed the obligations of the partnership. (collectively, the "defendants"). The plaintiff has now moved to strike the special defense, the set-off, and the counterclaims filed by the defendants.
The special defense filed by the defendants alleges that the plaintiff breached the mortgage documents, in particular the second modification of the building loan agreement, and, as a direct result thereof, the value of the property was adversely affected causing a default in the repayment of the subject loan which was the direct result of the actions of the plaintiff. The plaintiff moves to strike the special defense asserting that the allegations do not address the issue of the plaintiff's right to foreclose its CT Page 75 mortgage, and that the defendant's claims only relate to the issue of damages or the amount that should equitably be paid to redeem the mortgage.
In ruling upon a motion to strike, the court must construe the facts and the pleadings in a manner most favorable to the nonmoving party and, if the facts provable under the pleadings would support a defense or a cause of action, the motion to strike must fail. Rowe v. Godow, 209 Conn. 273, 278 (1988); Mingachos v. CBS, Inc.,96 Conn. 91, 109 (1985). "An action of foreclose is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties." Glotzer v. Keyes, 125 Conn. 227, 231
(1939). The court, therefore, may grant "relief to a mortgagor who can prove that equitable circumstances require withholding a foreclosure or a reduction in the stated indebtedness." Olean v. Treglia, 190 Conn. 756, 771, (1983). In the light of the foregoing principles, the motion to strike the special defense is denied.
The defendants have also asserted a set-off, in three counts, which reallege, in the first and second counts, the facts alleged in the special defense and assert that they have incurred substantial loss and damages as a result of those actions. In the first count of the set-off, the defendants allege a breach of contract and in the second count, they allege an unfair trade practice within the meaning of Connecticut General Statutes42-110b et. seq. (CUTPA). The third count of the set-off alleges the plaintiff authorized, and then repudiated, an extension of one year of the maturity date upon which the defendants relied to their detriment and that the actions of the plaintiff constituted a breach of the covenant of good faith and fair dealing and an unfair trade practice causing damage to the defendants. The fourth count of the set off alleges that the defendants breached an agreement to pay tenant fix-up expenses. The plaintiff has moved to strike all counts of the set-off asserting that the allegations therein contained are insufficient as a matter of law to support a right of set-off.
A legal set-off is controlled by General Statutes 52-139, Godiksen v. Miller, 6 Conn. App. 106, 109 (1986) n. 4., which provides that in an action brought for recovery for a debt, if there are "mutual debts" between the parties, then one debt may be set off against the other. A "mutual debt" within the meaning of the statute has been defined as "cross-debts in the same capacity and right and of the same kind and quality." Shippee v. Pallotti, CT Page 76 Andretta Co., Inc., 114 Conn. 560, 564 (1932). The allegations contained in all counts of the set-off assert causes of action for monetary damages which do not constitute a "mutual debt" within the meaning of General Statutes 52-139.
An equitable set-off exists where the nature of the claim or the situation of the parties is such that justice cannot be obtained by a separate action. Peter Cassio Inc. v. Green Acres Inc., 3 Conn. Cir. Ct. 424, 428 (App.Div. 1965); see, e.g., Hubley Manufacturing Supply Co., v. Ives, 81 Conn. 244 (1908). In view of the equitable nature of a foreclosure action, and the ability to plead special defenses thereto, the claims made by the defendants in the set-off do not constitute an equitable set-off. See, Savings Bank of New London v. Santaniello, supra. at 211. Accordingly, the motion to strike all counts of the set-off is hereby granted.
In the first count of the counterclaim, the defendants allege a cause of action under CUTPA based upon the plaintiff's claimed breach of the second modification building loan agreement. The second count of the counterclaim is based upon factual allegations asserting an extension of the maturity date of the loan which was repudiated by the plaintiff. The second count alleges a breach of a covenant of good faith and fair dealing as well as a CUTPA claim. The plaintiff has moved to strike both counts of the counterclaim on the ground that CUTPA does not apply to a lender/borrower relationship and on the ground that the facts are insufficient to support the theory of recovery asserted by the defendant.
Our Appellate Courts have not resolved the issue of the applicability of CUTPA to banking activities. See, Gaynor v. Union Trust Co., 216 Conn. 458, 482 (1990. The court is also aware that there are numerous decisions from the Superior Court producing conflicting results with respect to the application of CUTPA to banking activities. See, e.g., Economic Development Associates v. Citytrust, 3 Conn. L. Reptr. 403 (1991) (Dranginis, J.). (CUTPA applicable to banks); People's Bank v. Horesco, 1 CSCR 62 (1986) (Jacobson, J.), affirmed on other grounds 205 Conn. 319 (1987) (CUTPA not applicable to banks).
Under General Statutes 42-110b(b), the interpretations of the Federal Trade Commission ("FTC") serve as a guide to the construction of CUTPA and, therefore, our courts have repeatedly held that cases under the Federal Trade Commission Act serve as a loadstar for the interpretation of CUTPA. Russell v. Dean. CT Page 77 Whitter. Reynolds, 200 Conn. 172, 179 (1986). However, banks are specifically exempted from the application of the Federal Trade Commission Act. 15 U.S.C. § 45a(2). "The exclusion of banks from the FTC's jurisdiction appears to have been motivated by the fact that banks are already subject to extensive federal administrative control." United States v. Philadelphia National Bank, 274 U.S. 321,336, n. 11, 10 L.Ed.2d 915, 83 S.Ct. 1715 (1963).
CUTPA provides exemptions to its application by virtue of General Statutes 42-110c which provides, in pertinent part:
 "(a) Nothing in this chapter shall apply to: (1) transactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the state or of the United States."
The plaintiff in the present case is a "national" bank and is therefore subject to the laws of the United States. See, 12 U.S.C. § 22,30, and 35. Thus, the plaintiff is subject to federal regulations concerning unfair and deceptive acts or practices as provided for in 15 U.S.C. § 57a(f). ("Unfair or deceptive acts or practices by banks, savings and loan associations, or Federal credit unions;. . ."). In Connelly v. Housing Authority, 213 Conn. 354,362 (1990), the court, relying upon Russell, supra, noted that CUTPA is not applicable to transactions that are "(1) explicitly subject to a different and specifically applicable statutory remedy; and are not among the types of transaction to which the Federal Trade Commission Act (FTC Act) has been applied." The court finds that the transaction alleged in the first count of the counterclaim are made against a national bank and are within the exemption set forth in General Statutes 42-110(a)(1) and within the rational of the Russell and Connelly cases, supra. The court therefore holds that the activities of a national bank are not subject to the provisions of CUTPA and the motion to strike the first count of the counterclaim and all relief requested thereunder is hereby granted.
The second count of the counterclaim purports to assert a claim under CUTPA and the same rational as applied to the first count of the counterclaim would apply to the CUTPA claims under the second count of the counterclaim. However, the second count of the counterclaim is also combined with claims relating to a breach of an agreement and, construing the claims most favorably to the non-pleader, is sufficient to withstand a motion to strike. Accordingly, the motion to strike the second count of the CT Page 78 counterclaim is denied.
RUSH, J.