[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES
The plaintiff brings this action as successor in interest to the Chester Bank. It is noted that the plaintiff filed a motion for leave to file an amended complaint on March 23, 1993 to properly allege that the plaintiff is a national banking association rather than a Connecticut banking association. Consent to the amendment is presumed (P.B. 176). The defendants' prior answer is applicable (P.B. 177). Hence the court addresses the motion to strike filed March 26, 1993.
This is an action brought on guarantees of two promissory notes, one note dated August 10, 1989 and the other note dated December 1, 1989. The action is in two counts, each note being CT Page 6886 the subject of a separate count. The defendants are alleged to be the guarantors of the notes, by contracts of guaranty.
The complaint alleges that the August 1989 note is in default for failure of the maker of the notes, Crowley Holmes Riverside Marina, Ltd., to pay the installment due in June 1991, and that the note of December 1989 is in default for failure to pay installments due in October 1991.
The defendants in their answer dated February 9, 1993 have filed four claims, each captioned "Special Defense." The four claims are: 1) Violation of CUTPA; 2) Interference with business (relationship) or (expectations); 3) Breach of implied covenant of good faith and fair dealing; 4) Negligent misrepresentation.
Each of the four claims of the defendants are based upon the defendants' allegation that in the fall of 1991 the plaintiff urged the neighbors of the Marina to present the Bank with an offer to purchase the Marina. The defendants claim that the plaintiff did not own the Marina at that time and had not elected to foreclose. The defendants claim that the plaintiff's conduct discouraged potential customers from doing business with the Marina and discouraged a potential purchaser who was negotiating directly with the defendant, Robert Holmes.
The plaintiff moves to strike the first, second and fourth special defenses on the basis that those claims are improperly pleaded as special defenses. The plaintiff also claims that the First Special Defense, CUTPA, is not applicable to banks, and that the Fourth Special Defense has not alleged facts sufficient to prove that claim.
As to the Third Special Defense, breach of covenant of good faith and fair dealing, the plaintiff moves to strike, alleging that the defendants' pleading fails to set forth facts sufficient to give rise to this defense.
The court first addresses the question of whether claim #1 (CUTPA), claim #2 (interference with business expections [expectations]) and claim #4 (the alleged negligent misrepresentation) are properly pleaded as being Special Defenses.
Matters pleaded as special defenses are those matters which ". . . are consistent with the statements (complaint) but show, CT Page 6887 notwithstanding, that he has no cause of action . . ." P.B. 164. For example "accord and satisfaction, arbitration and award, coverture, duress, fraud, illegality . . ., non-compos mentis, payment, release, the statute of limitations, and res adjudicata . . ." P.B. 164. Matters of that nature are such an integral part of the efficacy of the cause of action that their existence defeats the cause of action by operation of law.
Conversely counterclaims and set-offs are separate causes of action. Counterclaims are allied to set-offs, and are pleadable as counterclaims if they arise "out of the transaction or series of transactions which is the subject of the plaintiff's complaint." It is perfectly proper for a claimant to be awarded damages on a claim, and a counterclaimant to be awarded damages on his counterclaim, because the causes of action are separate and distinct. The causes of action are tried together as a matter of judicial and litigant convenience. See Hubley Mfg. Supply Co. v. Ives, 81 Conn. 244. The fact that the practical effect of the possibility of a counterclaimant being awarded damages in an amount greater than that awarded to the claimant on his complaint does not cause a counterclaim to be a "special defense."
As to the claims labeled special defense number 1, number 2 and number 4, these claims all sound in tort. They allow for damages separate and apart from the causes of action on the promissory note guarantees. The fact that a tort may have arisen out of the transaction or series of transactions which are the subject of a plaintiff's complaint does not change its legal nature. Separate causes of action arising out of the relationship is the very nature of counterclaims.
As to the fourth count, negligent misrepresentation, it is theoretically possible in a hypothetical situation, for negligent misrepresentation to act as a special defense under a theory allied to fraud. The allegations of the fourth special defense do not purport to set forth representations made to the defendants, or claimed reliance thereon by the defendants. The fourth count sounds in tort for claimed representations made to outside parties who have no alleged representative relationship with the defendants. The claimed misrepresentations are not special defenses.
The motion to strike special defenses one, two and four as special defenses is granted. The striking of the claims as CT Page 6888 special defenses does not remove the substance of the claims from the action, if the defendants choose to assert those allegations as counterclaims. See P.B. 158, 157.
Until such time as those claims are properly specified as counterclaims, the court does not reach the merits of the viability of the said claims.
As to the third special defense setting forth a claim of breach of implied covenant of good faith and fair dealing, that claim is properly pleaded as a special defense.
"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement."
Warner v. Konover, 210 Conn. 150, 154. The effect thereof is that the covenant of good faith and fair dealing is affixed to every contract as a matter of law. The covenant is as much a part of the contract as are each of the specific written provisions of the contract itself.
Breach of the covenant can have the effect acting as a bar to enforcement of the favorable provisions of the contract by the breaching party.
"The defendant, after breaking the contract by its unqualified refusal to defend shall not be permitted to seek the protection of that contract in avoidance of its indemnity provisions."
Missionaries of Co. of St. Mary, Inc. v. Aetna Casualty 
Surety Co., 155 Conn. 104, 114.
The plaintiff does not dispute the legal applicability of the third special defense as a special defense, but rather the plaintiff claims that the defendants have not alleged sufficient facts. The defendant claims that the conduct of the plaintiff discouraged potential customers of the Marina. By implication this claims diminution of income thereby affecting the Marina's ability to pay the notes according to their tenor. The pleading as it presently stands is sufficiently broad to withstand the motion to strike. See Westport Bank Trust Co. v. Corcoran Mallin Aresco, 221 Conn. 490, 495. The procedure to obtain a more complete or particular statement is by way of Request to Revise (P.B. 147), with leave requested of the court to file CT Page 6889 such Request (P.B. 113).
The motion to strike as pertains to the third special defense is denied.
L. Paul Sullivan, J.