[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
This case involves a suit on a note. The defendant, Taylor, has filed a special defense claiming a set off to the extent of all sums due pursuant to a certain action entitled David J. Taylor v. The Glastonbury Bank Trust Company, et al. That suit alleges that the plaintiff in this case, Katz, breached his duty to the defendant, Taylor, and that breach of duty caused the defendant significant economic loss. The plaintiff has filed a motion to strike claiming that the defendant has no right of set off. The right of set off is defined in Section 52-139 of the General Statutes but this basically equitable doctrine is based on so-called chancery practice and the "statutory authority (for set off) permits no greater range of equitable claim" than was permitted in that practice. Hartford National Bank Trust Co. v. Riverside Trust Co., 117 Conn. 271, 280 (1933); Harrell v. Leverty, 50 Conn. 46, CT Page 9506 61 (1882).
The ancient rule was that the debt sought to be set off had to be liquidated. Palmer v. Green, 6 Conn. 14, 19 (1825); Lippitt v. Thames Loan Trust Co., 88 Conn. 185, 199 (1914); General Consolidated Ltd. v. Rudnick Sons, Inc., 41 Conn. Cir. Ct. 581, 586 (1967). There have been exceptions carved out of this general rule. In Hubley Mfg. Supply Co. v. Ives, 81 Conn. 244, 247 in a suit brought by a foreign corporation on a foreign judgment it was held that the defendant was entitled to set off a claim for unliquidated damages. The defendant, the court reasoned, should not be left with "no remedy for the recovery except by a new suit brought in another state." Id. at page 588. Also, a set off on a sum not yet due and payable has been allowed where the plaintiff is insolvent, Sullivan v. Merchants National Bank,108 Conn. 497, 501 (1928). Interestingly the Sullivan case suggests that exceptions to the liquidated damages rule should not be rigidly confined to situations of suits by out of state plaintiffs or insolvent plaintiffs. The court, at page 503 says "unless there be the fact of insolvency or an equivalent equity, the debt which has not matured cannot be set off against the debt which has." But later appellate cases have turned well reasoned exceptions into hard and fast rules, cf General Consolidated Ltd. v. Rudnick and Sons, Inc., supra. The reason for limiting the right to set off to debts due and payable was that "it tends to prevent surprise to the plaintiff and to avoid the confusion and embarrassment of trying at the same time and before the same jury different issues, depending upon different pleadings and evidence and legal principles and perhaps requiring separate verdicts." Henry v. Butler, 32 Conn. 140, 141 (1864). With liberal discovery modern trial procedure and more flexible rules of pleading the reasoning behind the rule seems no longer to be supportable. But the rule remains the same and even if the court were disposed to take the hint suggested in Sullivan, the defendant has not really set forth any specific reasons why it would be fair and equitable or necessary to avoid any injustice to allow a set off of a claim which appears to be clearly unliquidated. The defendant in his brief argues that if set off were not permitted "the most inequitable result" could occur — Katz could recover against the defendant Taylor but Taylor would be left without a means of recovery against the plaintiff Katz. How all of this is so is not made clear and indeed is belied by the fact that the defendant not only CT Page 9507 has the opportunity to vindicate his claims against Katz in a separate suit but in fact has done so and even has been successful in consolidating both cases for trial. Equity does not appear to be crying out for relief in this matter.
Interestingly, the basis for the motion to consolidate was a claim by the defendant "that there are common issues of fact and law which will be addressed in one trial and this will avoid the possibility of inconsistent decisions and duplication of effort." (motion granted June 1, 1993). If this is the "law of the case," perhaps in response to the court's granting of this motion to strike the set off can be asserted as a counterclaim in a new pleading by the defendant.
That, however, is not before the court and at this point the court will grant the motion to strike.