[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR JUDGMENT OF FORECLOSUREBY SALE AND MOTION FOR ATTORNEY'S FEES
The Town of Monroe ("the plaintiff") instituted the present action seeking a foreclosure for nonpayment of property taxes with respect to property commonly known as 36 Fairlea Drive in Monroe, Connecticut, a/k/a Lot No. 4 Fairlea Drive, Monroe, Connecticut. In addition to the named defendant as the owner of the property, the complaint also names the Gateway Bank as a defendant by virtue of mortgages held by it.
In response to motions filed by the plaintiff, the Gateway Bank filed a disclosure of no defense but reserved its priorities. In response to the plaintiff's motion, the named defendant disclosed a defense stated as follows: "the defense will center on the fact that the Town of Monroe forced the defendant to give it a building lot as open space in order to gain approval for the Defendant's subdivision which contains the lots which are the subject of this action." Accordingly, the plaintiff's motion for default for failure to disclose a defense was denied.
Thereafter, the named defendant filed his answer and a counterclaim asserting that the plaintiff, by means of duress and imposition in 1986, caused the named defendant, as a condition to approving the subdivision, to agree to quitclaim to the plaintiff a parcel of land for open space. The named defendant also filed a setoff which re-alleged the allegations of the counterclaim and asserted that the plaintiff by duress and imposition forced the named defendant to spend money and incur costs in making additional and unnecessary improvements to the land. The case was then tried before Hon. Irving Levine, State Trial Referee, who found that the property had a value of $85,000 and that the total of taxes, interest and fees on the property in question amounted to $14,861.25 and that the plaintiff was entitled to a foreclosure of its tax lien. Judge Levine also found adversely to the named defendant with respect to the claimed set-off on the grounds that there was no evidence that the defendant spent money or incurred costs of any kind or that any additional or unnecessary improvements were made. Judge Levine also decided adversely to the named defendant with respect to the counterclaim. In so CT Page 1873 holding the court did note a question as to whether the counterclaim was legally involved in the case as it did not appear that the complaint and the counterclaim arose out of the same transaction. Thereafter, Judge Levine, without discussion, granted a strict foreclosure with respect to the property.
The named defendant filed an appeal and the judgment was affirmed in a Per Curiam Memorandum of Decision by the Appellate Court. See Monroe v. Mandanici, 34 Conn. App. 915
(1994). It appears from the file, and the parties agree, that the issues on appeal related to the counterclaim and not to the foreclosure itself.
After the remand from the Appellate Court, Shawmut Bank of Connecticut, N.A. ("Shawmut"), as successor in interest to Gateway Bank, filed a motion for judgment of foreclosure by sale asserting that the property is valued at $85,000, as is agreed to by all parties, and that the debt owed to the plaintiff is only $20,224.73. Shawmut claims, therefore, that there is sufficient equity so as to mandate a foreclosure by sale. The plaintiff opposes the foreclosure by sale and asserts that the determination by Judge Levine that there should be a strict foreclosure as well as the remand by the Appellate Court "for the purpose of setting new law days" requires a strict foreclosure. The named defendant takes no position with respect to whether there should be a foreclosure by sale or a strict foreclosure but does assert that the plaintiff is not entitled to attorney's fees for defending the counterclaim.
The analysis contained in the memorandum of decision filed by Judge Levine contains no discussion as to whether a strict foreclosure is a more appropriate remedy than a foreclosure by sale. Under the provisions of General Statutes § 49-15, a judgment of strict foreclosure may be reopened or modified not withstanding the four month limitation for reopening of a judgment as provided for in General Statutes § 52-212a. Even though an appeal has been taken, the trial court has jurisdiction to entertain motions directed to its judgment. See such cases as Clover Farms, Inc. v.Kielwisser, 134 Conn. 622, 623 (1948); Thompson v. Towle,98 Conn. 738, 741 (1923); and O'Bymachow v. O'Bymachow,10 Conn. App. 76, 77 (1987).
It also appears that this court is not bound by the determination of Judge Levine. See such cases as Lewis v. GamingBoard, 224 Conn. 693, 697 (1993). Given the present situation in CT Page 1874 which there is approximately $65,000 in equity with respect to the property, a foreclosure by sale is mandated by Fidelity Trust Co.v. Irick, 206 Conn. 484 (1988). The issue of whether a strict foreclosure or a foreclosure by sale is the appropriate remedy was never submitted to, nor was it addressed by, the Appellate Court. The remand by that court for the purpose of setting law days is, in the view of the court, simply an action returning the case to the trial court in the same status as the Appellate Court received it.
Accordingly, acting under the provisions of General Statutes49-15, the court deems a foreclosure by sale to be the appropriate remedy and accordingly, the motion for foreclosure by sale filed on behalf of Shawmut Bank is hereby granted.
The named defendant asserts that the attorney's fees incurred by the plaintiff were primarily incurred as a result of the defense of the counterclaim and are therefore not "directly related" to the foreclosure of the tax lien within the meaning of General Statutes § 12-193. An action of foreclosure is a peculiarly equitable proceeding allowing the court to consider all the equities which can result in the withholding of foreclosure or in a reduction of the stated indebtedness. See such cases asFellow v. Martin, 217 Conn. 57, 64 (1991); Hartford FederalSavings Loan Assn. v. Tucker, 196 Conn. 172, 175 (1985), stay den. 474 U.S. 896, cert. den. 474 U.S. 920 (1985); Olean v.Treglia, 190 Conn. 756, 771 (1983).
At this stage, it is not necessary for the court to determine whether the counterclaim is appropriate within the meaning of Practice Book § 116; nor is it necessary for the court to determine whether the set-off is a legal set-off within the meaning of General Statutes § 52-139 or an equitable set-off as described in such cases as Peter Casio, Inc. v. Green Acres, Inc., 3 Conn. Cir. Ct. 424, 428 (App.Div. 1965) and Hubley Mfg. Supply Co. v.Ives, 81 Conn. 244 (1908). The fact remains that the named defendant filed the set-off and filed the counterclaim and asserted, in his disclosure of defense, that such acts constituted a defense to the foreclosure action. That act alone allows the attorney's fees to be "directly related" to the foreclosure action within the meaning of General Statutes § 12-193.
Finally, the court finds that the debt due to the plaintiff, including attorney's fees, is in the amount of $20,418.15, and that a foreclosure by sale is appropriate as set forth in the CT Page 1875 following paragraph.
Victoria Koch, 2600 Main Street, Bridgeport, Connecticut, 06606, is appointed as a committee to sell the property commonly known as 36 Fairlea Drive, Monroe, Connecticut; that she shall sell the same as a whole, subject to the approval of the court, free and clear of the lien being foreclosed and of all claims subsequent in right thereto the holders of which are bound by this action, at public auction, on the premises on May 6, 1995 at 12:00 noon unless, at or before that time, the sum above found to be due upon the debt, with interest from the date of this judgment, costs and such expenses for advertising and for the services of the committee as may have been incurred at the date of such payment, and the cost of the appraisal hereinafter directed, if previously made and returned, all as taxed by the clerk, be paid to the plaintiff, in which case the sale shall not take place; that the land shall be available for inspection from 11:00 a.m. to 12:00 noon, that the committee shall advertise such sale in the Connecticut Post on April 15, 1995, April 22, 1995 and April 29, 1995 and by erecting a sign on the premises on or before April 6, 1995; that the committee may obtain liability insurance protection for the premises; that the purchaser, unless it be the plaintiff, shall deposit with the committee at the time of the sale $8,500.00 certified check or bank check, the balance to be paid within thirty (30) days after the approval of the sale upon tender of the deed; that when such sale shall have been made by the Committee the committee shall execute and submit for the approval of this court a conveyance of the premises to the purchaser, and make a return of her doings and bring the proceeds of the sale into court; that Richard A. Principe, 181 Main Street, Monroe, Connecticut 06468, is appointed to appraise the property under oath and make return of his appraisal to the clerk of this court on or before April 26, 1995; and that the plaintiff shall be allowed his costs, including the expenses of the sale and appraisal, to be taxed and paid out of the proceeds of the sale and if the plaintiff is the purchaser at the sale, he shall pay to the committee only the expenses of the sale or so much of the proceeds as exceeds his judgment, interest, attorney's fee and cost; whichever is the greater.
RUSH, J. CT Page 1876