## PHILIP COVITT
### vs.
## CITY OF BRIDGEPORT

Superior Court      Fairfield County      File #45792

Present:   Hon. EARNEST C. SIMPSON, Judge.

Fitzgerald, Foote & Fitzgerald,   Attorneys for the Plaintiff.

David Goldstein,            Attorney for the Defendant.

**MEMORANDUM FILED FEBRUARY 5, 1935.**

SIMPSON, J. Both parties have referred to and discussed matters in their briefs which do not appear of record. This is particularly true with reference to the resolution or ordinance of the defendant City pertaining to the appointment of an investigating committee. That resolution or ordinance is not in evidence. While the Court can take judicial notice of the terms of the charter of the City of Bridgeport (**State vs. Lindsay, 109 Conn. 242**) it will not take judicial notice of an ordinance of a City (**Appeal of Phillips, 113 Conn. 40, Roden vs. Connecticut Co. Id. 415**). Neither can the Court take judicial notice of the acts of the Board of Apportionment and Taxation of the City of Bridgeport, nor whether or not such Board made an appropriation of $93,000.00, as of February 27, 1934, for "Fees and special services". If the ordinance or resolution appointing the investigating committee and the acts of the Board of Apportionment and Taxation, are in themselves material, they should be pleaded.

The demurrer merely searches the record, and admits only those facts which are well pleaded. It does not admit conclusions of law.

From the complaint demurred to it appears that the Com-

mon Council of the City of Bridgeport unanimously passed an ordinance creating an Investigating Committee which was duly approved by the Mayor. It also appears that the chairman of the Committee, being so authorized by the Committee, entered into a contract with the plaintiff to pay him for certain services to be rendered for the Committee. It does not appear that any appropriation was ever made for the expenses of the Committee, either by the Board of Apportionment and Taxation or the Common Council of the City, as provided by the charter. In fact it appears in the contract that no such appropriation was made.

The defendant demurs to the complaint, in effect, for two reasons.

1. That it does not appear that an appropriation was made by the Board of Apportionment and Taxation of the City of Bridgeport, or by the Common Council of the City to take care of the services rendered or to be rendered by the Committee, and (2) it does not appear that the Board of Apportionment and Taxation or the Common Council made an appropriation from unappropriated revenue to take care of the services rendered by the plaintiff for the Committee, as required by Section 97 of the charter.

Aside from his claim that the record of the Board of Apportionment and Taxation will disclose that it made an appropriation of $93,000 for "fees and special services", of which there is no allegation in the complaint, the plaintiff claims that an appropriation for the expenses of the Committee was not necessary for two reasons: first, that the Committee was a special one created by the Common Council and that Section 97 of the charter was not applicable and, second, that it has no application to an expenditure for some unforeseen matter or emergency which the Common Council itself shall feel has been created unconnected with any branch of the City Government, and not paid for out of any appropriation previously made for some particular branch, but a matter wholly foreign to it.

It may be conceded that the Committee stands in somewhat different relation to the City Government than the permanent or ordinary boards or departments of the City Government, but certainly it has no superior powers, unless it be from the fact that it was a special creation of the Common Council itself, and thereby impliedly invested with power not pos-

sessed by the ordinary or permanent boards of the City, in- cluding the power to bind the City for expenses for which there was no appropriation. This might be so, were it not for the very broad terms of the charter which explicitly pro- vides that no money shall be spent for any purpose unless there is an appropriation therefor, either by the Board of Apportionment and Taxation or by a special appropriation out of unappropriated revenues by the Common Council itself. The charter is very explicit as to the procedure with reference to the Common Council making a special appropriation. It is in fact a limitation upon the Council itself, and rebuts any implied authorization to expend money to be raised by taxa- tion.

This case does not fall within the principles of those cases holding that where a duty is cast by law upon a city or town or a department of a city or town, the performance of such duty by the proper officers of the town or city creates a binding obligation on the town or city. It is unnecessary to discuss those cases, but the following from **Groton & Ston- ington Traction Co. vs. Groton, 115 Conn. 151, 161**, appears to be significant:

> "And where the statute neither imposes a duty upon the town or any of its officers or vests in it or them a discretion to be independently exercised, the board of finance may, if in its judgment the financial condition of the town does not justify expenditures for a particular purpose, decline to include any appropriation for it in its estimate submitted to the annual town meeting, or to recommend it to a later meeting."

It not appearing that an appropriation had been made either by the Board of Apportionment and Taxation or a special appropriation by the Common Council itself for the expenses of the Committee, as required by the Charter, I am of the opinion the contract upon which suit is based was unauthor- ized and therefore not binding upon the City.

The demurrer is therefore sustained.