[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
The plaintiff, Business Brokers of North America, Inc., has moved to strike the Counterclaim of defendants Gary S. Sillman and RGA, Inc. on grounds that it fails to meet the "transaction test" of Practice Book Section 116. Under that section, a counterclaim must "arise out of the transaction or one of the transactions which is the subject of the plaintiff's complaint . . ." or be stricken as a claim upon which relief may not be granted in the context of the lawsuit in question. See James W. Finley et al. v. Summus Corporation, 1 CSCR 13
(1986) (granting plaintiff's motion to strike defendant's counterclaim on grounds that as pleaded, it failed to meet the transaction test of Connecticut Practice Book Section 116).
"The `transaction test' is one of practicality[.]" Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158, 161
(1983). It is "designed to permit the joinder of closely related claims where such joinder is in the best interests of judicial economy." Id. The issue thus presented on any challenge to the propriety of a counterclaim under the "transaction test" of Section 116 is whether the subject matter of the counterclaim is "so connected" with the matter in controversy under the complaint that its consideration is necessary for a full determination of the rights of the parties relative to the matter in controversy under the complaint.". Springfield-DeWitt Gardens, Inc. v. Wood, 143 Conn. 708, 713 (1956). Where, more CT Page 956 particularly, such a challenge is raised by a motion to strike, the question is whether the requisite degree of connectedness can fairly be inferred from the well-pleaded allegations of the counterclaim itself. The court need not indulge the speculative possibility that facts alleged in the counterclaim may arise from the same transaction as that which underlies the original complaint if the defendant fails to describe such a connection in his pleading. Finley, supra.
In this case, the plaintiff's Complaint alleges that on July 12, 1990 the defendants executed a promissory note, wherein they promised to pay plaintiff, as holder of the note, the sum of $14,400.00. The gravamen of plaintiff's Complaint is that the defendants now owe him that entire sum because they have defaulted in their payments on the note.
In their Counterclaim, the defendants allege that the defendant was induced to purchase a certain business from the plaintiff based upon plaintiff's fraudulent representations concerning the profitability of the business. At oral argument on this Motion, the defendants asserted that their Counterclaim arises out of the same transaction as that which underlies the Complaint because the note in question was signed and issued as part of the fraudulently induced business purchase agreement which is described in the Counterclaim. On its face, however, the Counterclaim alleges no facts upon which such a connection can be inferred. Since the legal sufficiency of the Counterclaim must be tested by the well-pleaded allegations set forth therein, and those allegations fail to afford a non-speculative basis upon which to infer that the matter so complained of arises from the same transaction which underlies plaintiff's original Complaint, plaintiff's Motion to Strike must be granted.
So ordered this 3rd day of January, 1992.
MICHAEL R. SHELDON JUDGE, SUPERIOR COURT