[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE #115
FACTS
This foreclosure action arises out of a real estate transaction between the plaintiffs, Salvatore Ruitto and Joan Ruitto, and the defendants, Crowley and Holmes Riverside Marina, Ltd. ("Riverside Marina"), Steve Crowley and Robert Holmes.
By a complaint dated February 7, 1992, the plaintiffs allege that on December 1, 1989, Riverside Marina by promissory note agreed to pay the plaintiffs a sum of $75,000.00. The plaintiffs alleged that on the same date, Steve Crowley and Robert Holmes executed a guaranty agreement as guarantors of the note executed by Riverside Marina.
The plaintiffs allege that by a deed dated December 1, 1989, Riverside Marina mortgaged to the plaintiffs a parcel of land situated in the Town of Portland, Connecticut, located on Riverview Street ("Riverview property"). The plaintiffs alleges that the note and mortgage are still owned by the plaintiffs, and that the installment and interest after July 1, 1991, have not been paid. The plaintiffs seek, to foreclose CT Page 6208 on the said mortgage, possession of the premises, a deficiency judgment, appointment of said receiver of rents and attorney's fees.
The defendants filed an answer, five special defenses and four counterclaims on June 7, 1992. By way of special defense, the defendants alleged that on or about December 1, 1989, they purchased from the plaintiff's approximately 18 acres of land known as the Riverview property. The defendants allege that as a part of the land transaction, the plaintiffs granted a purchase money mortgage in the amount of $75,000.00 encumbrancing the Riverview property. The defendants allege that they purchased the property, with the plaintiffs knowledge, for the purposes of developing a marina. The defendants allege that during the negotiation of the sale of the Riverview property, the plaintiffs expressly and impliedly represented that the property was suitable for marina use. The defendants allege that at no time during the negotiation or the closing on the property did the plaintiffs disclose any defects or conditions known to the plaintiffs.
The defendants allege that subsequent to the vesting of title in the defendants, it was discovered that a vast depression in the western portion of the property existed which was the result of the plaintiffs unauthorized excavation and removal of approximately 100 truck loads of dirt from the property just prior to the closing. The defendants also allege that subsequent to the closing it was learned that there was considerable refuse material buried in the soil, consisting largely of numerous broken down vehicles. As a result, the defendants allege the property's use has been restricted by 40%, the susceptibility of flooding has been substantially increased, its value substantially decreased and the defendants have been unable to get approval for marina development.
In the defendants' first special defense, it is asserted that the plaintiffs violated General Statutes Sec. 42-110(a), the Connecticut Unfair Trade Practices Act ("CUTPA"). In the second special defense, the defendants assert fraudulent misrepresentation. In the third special defense the defendants allege a violation of the covenant of good faith and fair dealing. In the fourth special defense the defendants allege that the plaintiffs' negligent failure to disclose pertinent information bars a foreclosure. In the CT Page 6209 fifth special defense, the defendants alleged that the plaintiffs actions have resulted in an indebtedness to the defendants which gives rise to a right of set-off.
The defendants have also asserted four counterclaims. The four counterclaims consist of an action based on a CUTPA violation, fraudulent misrepresentation, breach of a covenant of good faith and fair dealing, and negligent failure to disclose.
The plaintiffs filed a motion to strike the five special defenses and four counterclaims dated January 8, 1993.
"The motion to strike is used to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989), citing Practice Book Sec. 152. The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of the opinions stated in the pleadings." Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). The court "must construe the complaint in the manner most favorable to the pleader." Blancato v. Feldspar Corporation, 203 Conn. 34,36, 522 A.2d 1235 (1987).
"[A] foreclosure action is equitable in nature." Bank of Boston, Connecticut v. Capitol West Associates Limited Partnership, 7 CSCR 1069, 1070 (September 28, 1992, Freed, J.); citing Boretz v. Segar, 124 Conn. 320, 324, 199 A. 548
(1938). Where the conduct of a plaintiffs is inequitable, the court may withhold foreclosure on such equitable considerations and principles. Lettieri v. American Savings Bank,182 Conn. 1, 12, 437 A.2d 822 (1980), Hamm v. Taylor,180 Conn. 491, 497, 429 A.2d 946 (1980).
"At common law, the available defenses to a complaint seeking foreclosure of a mortgage are limited to such things as payment, discharge, release, satisfaction or the invalidity of the lien." Conn. Savings Bank v. Reilly,12 Conn. Sup. 327 (Super.Ct. 1944). "[A]n action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties." Hartford Federal Savings Loan Assn. v. Tucker, 196 Conn. 172, 175,491 A.2d 1084, cert. denied 474 U.S. 920, 106 S.Ct. 250,88 L.Ed. 258 (1985). CT Page 6210
Under the doctrine of equity, if the "mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had. . ." Petterson v. Weinstock, 106 Conn. 436, 441, 138 A. 433 (1927). In addition, equity has permitted allegations of equitable estoppel, CUTPA and breach of an implied covenant of good faith and fair dealing to become valid defenses to a foreclosure. Citicorp Mortgage, Inc. v. Kerzner,8 Conn. L. Rptr. 229 (January 15, 1993, Curran, J.).
I. First Special Defense and Counterclaim: CUTPA
General Statutes Sec. 42-110b(a), Connecticut Unfair Trade Practices Act ("CUTPA") provides in pertinent part: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. Sec. 42-110b(a). "A violation of CUTPA may be established by showing either an actual deceptive practice. . . or a practice amounting to a violation of public policy." Web Press Services Corporation v. New London Motors, Inc., 203 Conn. 342, 355, 525 A.2d 57
(1987).
 In determining whether the practice in question violates CUTPA, courts employ the following criteria: (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2)whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial in jury to consumers . . . (Citations omitted.)
Connecticut National Bank v. Anderson, 5 Conn. L. Rptr. 60, 62 (October 21, 1991, Pickett, J); citing Sanghavi v. Paul Revere Life Ins. Co., 214 Conn. 303, 311-312, 572 A.2d 307 (1990). "All three criteria `do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of CT Page 6211 the degree to which it meets one of the criteria or because to a lesser extent it meets all three.'" Anderson. supra, 62; quoting Web, supra 355.
CUTPA has been held to be a valid defense to a foreclosure action. Hans L. Levi, Inc. v. Kovacs,5 Conn. L. Rptr. 260 (December 16, 1991, Pickett, J.).
This court will side with those court findings that CUTPA is applicable for such single transactions as pled in the present case. In construing the complaint in a light most favorable to the defendants, sufficient facts have been alleged to give rise to both a defense and a counterclaim based on CUTPA.
The allegations that the plaintiffs removed a substantial amount of fill from the property and failed to inform the defendants of buried material, may give rise to a finding that the plaintiffs engaged in fraud and unethical behavior. The motion to strike the defendants first special defense and first counterclaim is denied.
II. Second Special Defense and Counterclaim: Misrepresentation
The essential elements of misrepresentation are: "(1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act upon it; and (4) that the latter did so act on it to his injury." J. Frederick Scholes Agency v. Mitchell,191 Conn. 353, 358, 464 A.2d 795 (1983); quoting Miller v. Appleby, 183 Conn. 51, 55, 438 A.2d 811 (1981).
 Fraud by nondisclosure, which expands on the first three of these four elements, involves the failure to make a full and fair disclosure of known facts connected with a matter about which a party has assumed to speak, under circumstances in which there is a duty to speak. . . A lack of full and fair disclosure of such facts must be accompanied by an intent or expectation that the other party will make or will continue in a mistake, in order to induce that other party to act to her CT Page 6212 detriment.
Gelinas v. Gelinas, 10 Conn. App. 167, 173, 522 A.2d 295 (1987).
A duty to speak exists when "a vendor of property conceals from the vendee a material fact affecting it." Wedig v. Brinster, 469 A.2d 783, 788 (1983). "A vendor of property may not do anything to conceal from the vendee a material fact affecting it, or say or do anything to divert or forestall an intended inquiry by him, or deliberately hide defects, for, in so doing, he is not merely remaining silent, but is taking active steps to mislead." Id., citing Egan v. Hudson Nut Products Inc., 142 Conn. 344, 348, 114 A.2d 213 (1955); See Gayne v. Smith, 104 Conn. 650, 652, 134 A. 62 (1926).
"An actionable misrepresentation, whether made knowingly, recklessly, negligently or innocently, must be made for the purposes of inducing action upon it." Id., 359.
Sufficient allegations have been made which give rise to both a special defense and a counterclaim for misrepresentation.
Under the doctrine of equity, if the mortgagor is prevented by fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had. Petterson, supra, 441. Motion to strike both the second special defense and counterclaims is denied.
III. Third Special Defense and Counterclaim: Breach of Covenant of Good Faith and Fair Dealing
"[E]very contract imposes upon each party a duty of good faith and fair dealing in its performance and in its enforcement." Warner v. Konover, 210 Conn. 150, 154,553 A.2d 1138 (1989); see Restatement (Second), Contracts, Sec. 205. Section 42a-1-203 of the Uniform Commercial Code provides: "Every contract or duty within this title imposes an obligation of good faith in its performance or enforcement." See also 2 Restatement (Second Contracts 209, comment a (1979). Magnan v. Anaconda Industries, Inc., 193 Conn. 558,566-67, 479 A.2d 781 (1984).
The implied covenant of good faith and fair dealing is a rule of construction of contracts "designed to fulfill the reasonable expectations of the parties as they presumably CT Page 6213 intended." Id., 567.
"As between the original parties, however, a promissory note is nothing more than a written contract for the payment of money." Appliances, Inc. v. Yost, 181 Conn. 207,210, 435 A.2d 1 (1980). The Uniform Commercial Code, General Statutes 42-110 et seq., applies to transactions involving promissory notes. General Statutes 442a-1-201 (19). "Under the UCC definition, `good faith' is a subjective standard. It involves a determination of the intent or state of mind of the party concerned, taking into account the actual knowledge of the person as well as his or her motives." Phillipe v. Thomas, 3 Conn. App. 471, 475, 489 A.2d 1056 (1985).
The defendants' assertions concerning the plaintiffs' lack of good faith and fair dealing relate to the precontract period. However, Conn. Gen. Stat. 42a-1-201 (19) defines "good faith" in the context of "conduct or transaction," and does not limit "good faith" to performance of a contract. Allegations have been made so that a court may find that the failure of the plaintiffs to inform the defendants of the removal of fill from the property and the presence of buried material was a breach of good faith and fair dealing during the pre-contract period.
The third special defense and counterclaim are legally sufficient even though they concern the pre-contract period. The motion to strike the third special defense and counterclaim is denied.
IV. Fourth Special Defense and Counterclaim: Negligent Failure to Disclose/Negligent Misrepresentation
 This court has long recognized liability for negligent misrepresentation. We have held that even an innocent misrepresentation of fact "may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth." Richard v. A. Waldman Sons, Inc., 155 Conn. 343, 346, 232 A.2d 307 (1967); see also J. Frederick Scholes Agency v. Mitchell, 191 Conn. 353, 359, 464 A.2d 795 (1983); Johnson v. Healy, 176 Conn. 97, 102, 405 A.2d 54 (1978); Warman v. Delaney, CT Page 6214 148 Conn. 469, 473, 172 A.2d 188 (1961); Boucher v. Valus, 6 Conn. Cir. Ct. 661, 665-66, 298 A.2d 238 (1972). The governing principles are set forth in similar terms in Sec. 522 of the Restatement Second Torts (1979): "One who, in the course of his business, profession or employment. . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." See also Ultramares Corporation v. Touche, 255 N.Y. 170, 174 N.E. 275 (1931); Glanzer v. Shepard, 233 N.Y. 236, 135 N.E. 275 (1922); W. Prosser W.P. Keeton, Torts (5th Ed. 1984) Sec. 107, p. 745.
D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 217-218, 520 A.2d 217 (1987).
"For the purposes of a cause of action for negligent misrepresentations, however the (defendant) need not prove that the representations made by the plaintiff were promissory. It is sufficient to allege that the representations contained false information." Id., 218.
The defendant has pled a cause of action for negligent misrepresentation. Motion to strike the fourth special defense and counterclaim is denied.
A legal set-off is controlled by General Statutes Sec. 52-139. Godiksen v. Miller, 6 Conn. App. 106, 109, n. 4 (1986). General Statutes Sec. 52-139 provides that in an action brought for recovery for a debt, if there are "mutual debts" between the parties, then one debt may be set off against the other. A "mutual debt" has been defined as "cross-debts in the same capacity and right and of the same kind and quality." Shippee v. Pallotti, Andretta Co., Inc.,114 Conn. 560, 564 (1932). A set-off may be based on either law or in equity. Savings Bank of New London v. Santaniello, CT Page 6215130 Conn. 206, 33 A.2d 126 (1943). An equitable set-off exists where the nature of the claim or the situation of the parties is such that justice cannot be obtained by a separate action. Peter Cassio Inc. v. Green Acres Inc., 3 Conn. Cir. Ct. 424, 428 (App.Div. 1965).
"A proper setoff alleges a debt that is presently due and arising from a contract or liquidated claim." Armatino v. Romano, 1 Conn. L. Rptr. 60, 61 (November 28, 1989, Cretella, J.), citing Finley v. Summus, 1 CSCR 13 (January 6, 1986, Nash, J.).
 Recoupment means "keeping back something which is due, because there is an equitable reason to withhold it." Blacks Law Dictionary (5th Ed. 1979). The defense of recoupment has two characteristics: (1) the defense arises out of the transaction constituting the plaintiff's cause of action; and (2) it is purely defensive, used to diminish or defeat the plaintiff's cause, but not as the basis for an affirmative recovery. Id. It rests on the principle that both sides of a transaction should be settled at one time in order to prevent circuity of actions. Beecher v. Baldwin, 55 Conn. 419, 432, 12 A. 401
(1887); 20 Am.Jur.2d, Counterclaims, Recoupment and Set-Offs Sec. 6.
Genovese v. J.N. Clapp Co., 4 Conn. App. 443, 446 (1985).
The defendants have failed to allege any debts that are presently due and arise from a contract or liquidated claim. Motion to strike the defendants fifth special defense is granted.
WALSH, JOHN, J.