[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
[Facts]
The plaintiff, Paul H. Mikkelson, Jr., commenced this action on August 17, 1993, to recover for damages allegedly suffered upon the termination of his employment relationship with the defendant Allen, Russell Allen. The first two counts of the five count complaint are statutory claims for wages and fringe benefits under General Statutes §§ 31-71c and31-76k, respectively. The third count is a claim for unjust enrichment. In the fourth count, the plaintiff seeks to recover for the reasonable value of his services. Finally, in the fifth count, the plaintiff alleges that the defendant breached its promise by failing to pay him monies due him as a consequence of their employment relationship.
On November 9, 1993, the defendant filed its answer, a claim for setoff, and two special defenses. The plaintiff now moves to strike the defendant's claim for setoff and its second special defense. As required by Practice Book § 155, the plaintiff has filed a memorandum in support of its motion to strike, and the defendant has timely filed a memorandum in opposition.
[Discussion]
A motion to strike may be used to test the legal sufficiency of a complaint or any count therein to state a claim upon which relief can be granted. Practice Book § 152(1); see also [Ferryman v. Groton], 212 Conn. 138, 142 (1989). Furthermore, the motion to strike is the proper vehicle to challenge the "legal sufficiency of any answer to any complaint, counterclaim or cross-claim, or any part of that answer including any special defense contained therein . . . ." Practice Book § 152(5); see also [Passini v. Decker], 39 Conn. Sup. 20,21 (1983).
"The legal sufficiency of a special defense may be determined by reference to Section 164 of the Practice Book, which provides that `[f]acts which are consistent with [the plaintiff's statements of fact] but which show, notwithstanding, that he has no cause of action, must be specially alleged.'" CT Page 4734 [Daniel v. Martinczak], 5 Conn. L. Trib. 429, 430 (February 3, 1992, Schaller, J.).
 I.
The plaintiff moves to strike the defendant's claim to a setoff. The defendant has filed a separate action against the plaintiff alleging that he breached a confidentiality agreement and a covenant not to compete and is liable for theft of trade secrets. The defendant requests that any damages found to be due and owing to the defendant be setoff against damages awarded to the plaintiff.
General Statutes § 52-139 governs the procedure for the setoff of mutual debts. It provides in relevant part that "[i]n any action brought for the recovery of a debt, if there are mutual debts between the plaintiff of plaintiffs, or any of them, and the defendant or defendants, or any of them, one debt may be setoff against the other." General Statutes § 52-139(a).
The defendant's claim for a setoff based on damages that it may recover in a separate action does not in the court's view fall within the terms of this statute. A proper setoff alleges a debt that is presently due and arising from a liquidated claim. [Finley v. Summus], 1 CSCR 13 (January 6, 1986, Nash, J.). The defendant's claim for a setoff is not based on a liquidated debt, but on claims of theft of trade secrets, breach of a confidentiality agreement and breach of a covenant not to compete. Moreover, the defendant's claim is not presently due and payable. See [Marine Midland Bank v.Gibbs], Superior Court, Judicial District of Fairfield, Docket No. 284887 (January 14, 1993), wherein Judge Spear granted a motion to strike a claimed setoff holding "[d]efendants do not allege . . . facts showing a mutual and liquidated debt between the parties. Rather, the defendants allege a breach of contract. This is not sufficient to allege a setoff."
The defendant acknowledges that its claim of a setoff is doubtful pursuant to § 52-139, but argues that it should be allowed under equitable principles. The defendant relies on two cases in which the court allowed a setoff even though the debt owed to the defendant was not yet due. However, in those cases, the plaintiff was insolvent. See [Sullivan v. MerchantsNational Bank], 108 Conn. 497, 500 (1928); [Goodwin v.Keney], 49 Conn. 563 (1882). These cases are not controlling CT Page 4735 in the present action.
An equitable setoff exists where the nature of the claim or the situation of the parties is such that justice cannot be obtained by a separate action. [Peter Casio, Inc. v.Green Acres, Inc.], 3 Conn. Cir. Ct. 424, 428 (App.Div. 1965). This is not a case where the principles of equity require this court to allow the defendant's setoff. Accordingly, the motion to strike the claim for setoff is granted.
 II.
The plaintiff also moves to strike the defendant's second special defense alleging breach of fiduciary duties. The defendant alleges that the plaintiff breached these fiduciary duties by entering into a partnership with another entity, Dill, Joyce Thresher, and by soliciting the defendant's clients for that entity while employed by the defendant.
Pursuant to our rules of pleading, facts which are consistent with the plaintiff's statement of facts but which show, notwithstanding, that he has no cause of action, must be specially alleged. Practice Book § 164. The defendant's claim that the plaintiff breached fiduciary duties, even if proven, does not lead to the conclusion that the plaintiff has no cause of action. Because this special defense does not nullify the plaintiff's cause of action, it is improperly asserted, and the motion to strike it is granted.
DOUGLAS S. LAVINE JUDGE, SUPERIOR COURT
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 4743