[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'CLAIM FOR SETOFF
Michelson, Kane, Royster Barger for plaintiff.
Pepe Hazard for defendant.
The plaintiff, National Grange Mutual Insurance Company, ("National Grange") commenced this action by complaint CT Page 7969 filed on November 23, 1993. The complaint sets forth a collection claim against three defendants: Berkshire Builders, Inc. and Maranba Builders, Inc. (a joint venture, hereinafter referred to as "joint venture") and its surety, National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union").
The nuclei of the complex and convoluted facts of this case are three separate bonds, all issued in conjunction with the defendant joint venture's contract with the Town of Somers for the construction and renovation of Somers High School. The first bond, which is the subject of the complaint, is a Labor and Material Payment Bond executed by the joint venture as principal and National Union as surety ("Payment Bond").
Subsequent to the date the joint venture was awarded the general contract with the Town of Somers, the joint venture entered into subcontracts for the electrical work with JER Electric Co., Inc. ("JER Electric") and for the landscaping with Graziano Brothers Landscape, Inc. ("Graziano"). The second bond was executed in conjunction with the electrical subcontract ("JER bond"). JER Electric was named principal; the plaintiff, National Grange, was named surety; and the joint venture was named obligee. Finally, in conjunction with the landscape subcontract a performance bond was executed naming Graziano as principal, the plaintiff as surety, and the joint venture as obligee ("Graziano bond").
In its one count complaint, National Grange alleges that on or about January 13, 1993, the joint venture notified National Grange that JER Electric was having difficulties completing the electrical subcontract. Accordingly, the plaintiff further alleges the joint venture was calling upon the plaintiff, under the terms of the JER bond, to complete the electrical subcontract. The plaintiff alleges that it successfully completed the electrical subcontract, and commenced this action to recover $49,318.00 for the labor and material supplied under the subcontract.
On March 22, 1994, the defendants filed an amended answer, six special defenses, a counterclaim, and a setoff. In the setoff, the defendants allege that on or about August 11, 1993, the joint venture notified National Grange that Graziano had breached the landscaping subcontract. The defendants allege that despite repeated demands, National Grange failed to honor its obligation pursuant to the Graziano bond to hire a new landscaping subcontractor CT Page 7970 or to indemnify the joint venture for the damage it incurred. Accordingly, the defendants seek to setoff the amount of damages they suffered as a result of the plaintiff's alleged failure to fulfill its obligations under the Graziano bond against an any amount the plaintiff is awarded in the present action to recover under the JER bond.
The plaintiff now moves to strike the defendants' claim for setoff, arguing that it is legally insufficient. As required by Practice Book § 155, both parties have filed memoranda of law in support of their respective positions.
A motion to strike may be used to test the legal sufficiency of a complaint or any count therein to state a claim upon which relief can be granted. Ferryman v. Groton, 212 Conn. 138, 142
(1989); Practice Book § 152(1). Furthermore, the motion to strike is the proper vehicle to challenge the "legal sufficiency of any answer to any complaint, counterclaim or cross-claim, or any part of that answer. . . ." Practice Book § 152(5); See also Passini v.Decker, 39 Conn. Sup. 20, 21 (1983).
The plaintiff advances three specific reasons for why the claim for setoff is improper. First, the plaintiff argues that the substance of the "setoff" is in actuality an attempted counterclaim which does not arise out of the same transaction as the subject of the plaintiff's complaint. Second, the plaintiff claims the setoff is inappropriate because the defendants do not have mutual debts. Finally, the plaintiff argues that its claim is a payment bond claim brought pursuant to General Statutes § 49-42 which expressly provides that such actions are not to be consolidated with any other actions on the same bond.
The court is persuaded by the plaintiff's second argument. In this court's view, mutual debts do not exist between these parties. Accordingly, the motion to strike the claim for setoff is granted on this basis without reaching the merits of the plaintiff's alternative arguments.
General Statutes § 52-139 governs the procedure for the setoff of mutual debts. It provides in relevant part that "[i]n any action brought for the recovery of a debt, if there are mutual debts between the plaintiff or plaintiffs, or any of them, and the defendant or defendants, or any of them, one debt may be set off against the other." General Statutes § 52-139a. CT Page 7971
In order for a right of setoff to exist, there must be a mutuality of debts at the time the action is brought. Bassett v. City Bank Trust Co., 115 Conn. 1, 9-10 (1932). A proper setoff alleges a debt that is presently due and arising from a liquidated claim.Finley v. Summus, 1 CSCR 13 (January 6, 1986, Nash, J.). The defendants' claim for a setoff is not based on a liquidated claim. Rather, the parties in the instant action have distinct claims against each other arising out of separate transactions: the JER subcontract and the Graziano subcontract. Moreover, the defendants' claim is not presently due and payable. See Marine MidlandBank v. Gibbs, Superior Court, judicial district of Fairfield, Docket No. 284887 (January 14, 1993), wherein Judge Spear granted a motion to strike a claimed setoff holding "defendants do not allege . . . facts showing a mutual and liquidated debt between the parties. Rather, the defendants allege a breach of contract. This is not sufficient to allege a setoff."
In the present case, as in Gibbs, supra, the defendants' allegations are more accurately characterized as a claim for breach of contract than as a claim for setoff. The claim is contingent, disputed and unliquidated. Accordingly, the plaintiff's motion to strike is granted.
Goldberg, Judge.